Vetter v. Lentzinger.

VETTER v. LENTZINGER.

Patent: PARTNERSHIP: TRUST. Where the application for a patent by partners was rejected, and subsequently one of the partners applied for and obtained in his own name a patent for the same invention, it was *held*, that the rejection of the first application and the subsequent proceeding in the name of the individual partner did not destroy the joint interest of the other partner either in the invention or the patent issued therefor.

*Appeal from Muscatine District Court.*

SATURDAY, JANUARY 28.

ACTION upon a written contract set out in the opinion. Defense in denial of indebtedness thereon. Trial to a referee who found and reported the facts, with which both parties are content; and also reported his conclusion of law thereon, that plaintiff was entitled to judgment for $400 and interest, to which defendant excepted. The report was made the judgment of the district court, and therefrom the defendant appeals.

*Thomas Hanna* and *Cloud & Broomhall* for the appellant.

*Richman & Carskadden* for the appellee.

COLE, J. — This action is brought upon the following written agreement: "Know all men by these presents, that I, Michael Vetter, of the county of Muscatine and State of Iowa, have this day sold unto John Lentzinger of the same county, my interest, being one-half of the business now carried on by said Vetter & A. Binner in the city of Muscatine, in making improved window shades, as well as my interest in a patent, which I, with said Binner, have applied for, being for an improved mode of making window shades. Also all my interest in the material now on hand, with all the tools therefor, except four planes; also, all accounts due for such shades; also, all stock manufactured and unsold. The said Lentzinger is to pay to said Vetter $400 cash in hand, and is to pay $400 on or before June 1, 1867, in case a patent is issued for said improved method; but, in case no patent is issued, the said Lentzinger is not to pay said Vetter any thing more than $400 for his entire interest in the business, patent, materials and stock aforesaid. Witness our hands this 6th day of September, 1866." Duly stamped and signed by both parties.

The facts as found and reported by the referee are not controverted by the parties, and are, briefly stated, substantially these: that at and before the agreement the plaintiff and A. Binner were partners in the business of making improved window shades, and were joint applicants for letters patent of such shades; that plaintiff sold his interest in the business, patent, etc., to defendant, who took his place and rights therein; that afterward, one Berger claimed a patent for the same invention, and in a contest, wherein the defendant expended $400, before the examiner in the patent office, in the name of Vetter & Binner on the one hand and Berger on the other, the claims of both were rejected; that subsequent thereto, Binner obtained the patent for the same invention in his own name, and made defendant pay him $200 for half interest therein; that as between plaintiff and Binner each had an equal interest

in the patent; and plaintiff, with Binner's consent, had sold his half interest therein, by the above agreement, to defendant. On these facts judgment was rendered for plaintiff for $400 and interest; and in this lies the alleged error.

The fact that Binner, who was a partner of the plaintiff's in the patent right claim and in the business, and who by the sale became such partner of defendant, made the defendant pay him $200 for a half interest in the patent when issued, constitutes no defense to this action. For, under the facts found, Binner had no legal right to compel defendant to pay him for the half interest. The patent as finally issued was for the same invention owned jointly by plaintiff and Binner; and the subsequent procuring of the patent in the name of Binner alone gave him no right in law or equity to appropriate the whole of it to his individual use or benefit. The payment of the $200 to Binner, without the knowledge or consent of plaintiff, and without any legal or equitable obligation so to do, was a payment by defendant in his own wrong, or voluntarily, and cannot defeat the right of the plaintiff.

Again, the expenditure of $400 in the contest to secure the patent in the names of plaintiff and Binner cannot be made available as a defense to the payment of the money stipulated for by the agreement. The agreement does not contemplate that plaintiff was to defray the expenses of procuring the patent. He does not sell the patent nor agree to procure one. He simply sells *his interest* in it to the defendant, who "took the place and rights therein" of the plaintiff. The "place" of the plaintiff was as a partner with Binner, and his "rights" were to prosecute with Binner, the claim for a patent and to have one-half the benefits of it when procured. There was no stipulation as to the time when, or the manner in which, the patent should issue; nor that plaintiff should pay the expense of procuring one. The defendant agreed to pay " in case a patent is issued for

said improved method." That event has happened, and the defendant became entitled, under the agreement with plaintiff, and without more, to the benefits of it, and this was the consideration for his promise.

Affirmed.